UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08915-SVW/ 2:20-cr-00579-SVW | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Richard Ayvazyan v. United States of America* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING [4] MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255.

On December 8, 2022, Richard Ayvazyan ("Petitioner") filed the instant motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Petitioner filed an amended motion on December 29, 2022. The United States of America ("the Government") opposed Petitioner's motion.

For the below reasons, Petitioner's § 2255 motion is DENIED.

**I.      Factual and Procedural Background**

This case arises from the criminal proceeding *United States v. Ayvazyan*. Briefly, in that case, numerous defendants, including Petitioner, were indicted in connection with their use of synthetic identities used to fraudulently obtain COVID-19 relief funds.[1] On June 25, 2021, Petitioner was convicted after a jury trial of 23 felony counts, including conspiracy to commit wire fraud and bank fraud (Count 1), wire fraud (Counts 2-12), bank fraud (Counts 13-20), aggravated identity theft (Counts 21-22), and conspiracy to commit money laundering (Count 26).

On July 28, 2021, the Court held a two-day *Kastigar* hearing. On August 20, 2021, the Court denied Petitioner's *Kastigar* motion, concluding that the untainted evidence against Petitioner was overwhelming. 2:20-cr-00579-SVW at Dkt. 874.

In August 2021, Petitioner absconded to a resort town in Montenegro using a false Mexican passport. Once there, he reportedly selected a bayside villa to reside in with his co-defendant wife. He

---

[1] For a more detailed factual background, see the Court's prior Order at Dkt. 874.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08915-SVW/ 2:20-cr-00579-SVW | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Richard Ayvazyan v. United States of America* | | |

was later apprehended at a nearby hotel bar after attempting to log into one of the bank accounts associated with the fraud. He was ultimately returned to the United States and began serving his sentence. Michael Finnegan, *How Two L.A. Covid Swindlers Dodged the FBI and Joined the European Jet Set*, L.A. Times (July 21, 2022), https://www.latimes.com/california/story/2022-07-21/montenegro-fugitives-ayvazyan-fbi-pandemic-fraud.

While he was abroad, in November 15, 2021, Petitioner was sentenced in abstentia to a term of 15 years on each of Counts 1 through 20 and 15 years on Count 26, to be served concurrently, and 24 months on each of Counts 21 and 22, to be served concurrently with each other but consecutively to the terms imposed on Counts 1 through 20 and Count 26, for a total sentence of 17 years' imprisonment. Dkt. 1166.

On December 8, 2022, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. On December 29, 2022, Petitioner amended the original motion. Dkt. 4. The government opposed the motion. Dkt. 7. Petitioner filed his reply. Dkt. 9. The Court thereafter took the motion under submission.

## II.    Legal Standard

A prisoner in custody under sentence of this Court may petition for the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Even if a federal right was violated, however, "that does not necessarily mean that [the prisoner] is entitled to habeas relief. In the absence of 'the rare type of error' that requires automatic reversal, relief is appropriate only if the prosecution cannot demonstrate harmlessness." *Davis v. Ayala*, 576 U.S. 257, 267 (2015). Relief is proper only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 268 (citing *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). "There must be more than a 'reasonable possibility' that the error was harmful." *Id.*

Here, Petitioner claims that his sentence was imposed in violation of his constitutional rights. Pet. at 1. Generally, he claims that (1) the credit cards offered as evidence at the trial were seized as part of a search unlawful under Ninth Circuit law, and the Court improperly applied Eleventh Circuit law in holding that the search was constitutional (2) his sentence was excessive; (3) there were issues with the use of evidence from cell phones and, (4) relatedly, filter team issues; (5) the Court erred in holding his *Kastigar* hearing after the trial, as this timing impeded him from pleading guilty.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-08915-SVW/ 2:20-cr-00579-SVW | Date | March 2, 2023 |
| Title | *Richard Ayvazyan v. United States of America* | | |

### III. Petitioner Has Procedurally Defaulted on All His Claims

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (citations omitted). "The cause and prejudice test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where interference by officials may have prevented the claim from being brought earlier." *Id.* (citations and quotations omitted). The petitioner bears the burden of overcoming a procedural default. *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000).

Here, it is undisputed that Petitioner did not timely appeal his conviction and sentence. Accordingly, the Court must ascertain whether (1) Petitioner has shown both cause and prejudice; or (2) demonstrated actual innocence. Assuming Petitioner has not waived these arguments by failing to address them in his moving papers, for the foregoing reasons, Petitioner has not met his burden in overcoming procedural default.

#### 1. Petitioner Has Not Shown Cause for Failing to File a Direct Appeal

Petitioner's moving papers make no mention of the fact that he may have procedurally defaulted his claims. His reply offers a single sentence arguing that he has shown cause for failing to file an appeal: "An objective factor external to the defense impeded counsel's efforts to raise the claim on direct appeal as Petitioner was not residing within the jurisdiction of the United States." Reply at 7.

Petitioner's counsel seems to assume that a "factor external to the defense" means a "factor external to defense *counsel*." But Petitioner's counsel does not point to any case law standing for such a proposition. Nor is the Court aware of any. Indeed, the Court's review of relevant precedent shows that a "factor external to the defense" is "an 'objective factor' that is 'external' to the petitioner and that 'cannot fairly be attributed to him.'" *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

The reason Petitioner was "not residing within the jurisdiction of the United States" was that he intentionally fled to Montenegro to avoid serving his prison sentence. This decision was entirely within Petitioner's control. Accordingly, it was not an objective factor external to Petitioner and does not

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-08915-SVW/ 2:20-cr-00579-SVW | Date | March 2, 2023 |
| Title | *Richard Ayvazyan v. United States of America* | | |

enable him to meet his burden in showing cause for failing to file a timely direct appeal. Fleeing the law is not a situation in which courts have found cause in the context of procedural defaults. *See, e.g., Francis v. Rison,* 894 F.2d 353, 355 (9th Cir.1990) (prison officials' interference with prisoner's access to administrative remedies amounted to cause); *Jamison v. Lockhart,* 975 F.2d 1377, 1379 (8th Cir.1992); *see also Burnett v. United States,* 2022 WL 2305050 (W.D. Wash. June 27, 2022) (holding that the petitioner showed cause where the factual basis for the claim was unavailable at the time of appeal).

Because Petitioner has not met his burden in showing cause for failing to file a direct appeal, the Court need not consider his arguments that he has suffered prejudice. *See Braswell*, 501 F.3d at 1150 (noting that if "a petitioner succeeds in showing cause," then courts move on to consider his arguments as to prejudice). For this reason, Petitioner has procedurally defaulted on his claims.

### 2. Petitioner Has Not Shown Actual Innocence

Petitioner makes no argument that he is actually innocent. This basis for overlooking a procedural default is therefore foreclosed to him.

Petitioner instead argues that he can overcome his procedural default by showing "structural errors" that "affect the framework within which the trial proceeds and defy analysis by harmless error standards." Reply at 7. He cites solely to *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017), for the proposition that showing structural error that defies analysis by harmless error standards is a mechanism allowing a petitioner to meet his burden in overcoming procedural default. Petitioner points to "*Kastigar* taint" as such a structural error.

But *Weaver* did not address whether and how a petitioner may overcome a procedural default by showing structural error. Instead, the question in *Weaver* was generally whether a court of appeals could consider an argument raised neither at trial by the criminal defendant, nor on direct appeal, but which was later raised in an ineffective-assistance-of-counsel claim. The Supreme Court granted certiorari "specifically and only in the context of trial counsel's failure to object to the closure of the courtroom during jury selection." *Id.* at 1907. The instant dispute does not relate to the closure of the courtroom during jury selection. *Weaver* is therefore inapposite.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08915-SVW/ 2:20-cr-00579-SVW | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Richard Ayvazyan v. United States of America* | | |

In any event, the Court declines to find any structural error that defies harmless error review. As the government points out, the Court held a two-day *Kastigar* hearing and concluded in an 88-page order that the evidence against Petitioner was overwhelming. *See* 2:20-cr-00579-SVW at Dkt. 874.

\*\*\*

For the foregoing reasons, Petitioner has failed to meet his burden in overcoming procedural default. By failing to appeal any claims raised his motion, he has procedurally defaulted on all of them.

### IV. A Certificate of Appealability is Not Warranted

At the Certificate of Appealability ("COA") stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Buck v. Davis*, 137 S. Ct. 759, 773 (2017), or when a court denies habeas review on procedural grounds, where "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court considers each claim separately, and it may grant a COA on one claim and not others. *See Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001).

Here, the Court has denied Petitioner's motion on procedural grounds, namely, that he procedurally defaulted by failing to file a direct appeal. No reasonable jurist would conclude that intentionally absconding could amount to cause. The Court accordingly denies a certificate of appealability.

### V. Conclusion.

For the foregoing reasons, the petition is DENIED.

IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | PMC |